

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2002

# Wallace v. Comm Social Security

Precedential or Non-Precedential:

Docket 1-3194

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Wallace v. Comm Social Security" (2002). *2002 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3194


KATHLEEN WALLACE,


Appellant

v.

KENNETH S. APFEL, Commissioner
of Social Security



Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 00-cv-00199)
District Judge: Honorable D. Brooks Smith


Submitted Under Third Circuit LAR 34.1(a)
February 5, 2002

Before: SLOVITER, and AMBRO, Circuit Judges
POLLAK*, District Judge

(Memorandum Opinion filed: February 26,
2002)                        )


MEMORANDUM OPINION


     *Honorable Louis H. Pollak, United States District Judge for the
Eastern District
of Pennsylvania, sitting by designation.

AMBRO, Circuit Judge:

I.

     Kathleen Wallace applied for supplemental security income ("SSI")
benefits on
February 19, 1998, alleging both muscular and neural disability.  The
Commissioner of

Social Security denied her application and her request for reconsideration. In response to Wallace's request, an Administrative Law Judge ("ALJ") held a hearing on her denial and likewise found her to be ineligible for SSI benefits. The Appeals Council denied Wallace's request for review, making the ALJ's determination the final decision of the Commissioner. Wallace instituted a civil action under 42 U.S.C. 405(g) to obtain review of this decision in the District Court. The Court denied her motion for summary judgment, and granted the Commissioner's cross-motion for summary judgment, because it found substantial evidence for the ALJ's denial of her application.

Social Security regulations prescribe a five-step process in evaluating a claim for SSI benefits. 20 C.F.R. 416.920 (2002). The ALJ first found that Wallace had not worked since the time of her application for benefits. He further found that she suffered from the severe impairments of depression, anxiety, asthma, degenerative disc disease, and hip and shoulder problems. Despite these impairments, however, she retained the ability to perform "medium" work i.e., work involving occasionally lifting fifty-pound weights, or frequently lifting objects weighing twenty-five pounds or more. In addition, the work must be simple, routine, low-stress, and not involve exposure to unprotected heights, moving machinery, dust, fumes, odors, or gases. Next the ALJ concluded that none of Wallace's impairments met the criteria outlined in Appendix 1 to 20 C.F.R. 416.920, or were equivalent in severity to the listed impairments.

Finally, the ALJ found that Wallace's impairments did not prevent her from performing her former job, and therefore concluded that she was not disabled. Wallace's former job was that of a plastic inserts assembler. It involved gluing, assembling, and clamping plastic inserts. Based on the vocational expert's testimony, the ALJ concluded that Wallace's former job involved "light exertion" and therefore that she could continue to perform it.

II.

We must uphold the ALJ's decision if it was supported by "substantial evidence." 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is

"more than a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).  It is not "a large or significant amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted).  We must consider the record as a whole, and "decide whether on this record it would have been possible for a reasonable jury to reach the [ALJ's] conclusion."  Allentown Mack Sales and Serv. v. NLRB, 522 U.S. 359, 366 (1998).

The ALJ's decision to deny Wallace's claim was one a reasonable jury might make.  He noted that

the record shows normal range of cervical spine motion; normal hip range of motion; no localized weakness or muscular atrophy; full muscle strength; normal joint range of motion; no joint swelling or deformity; symmetrical and normal DTR's; normal and symmetrical pin prick and touch sensations; a normal gait; a left hip X-ray showing minimal degenerative arthritic changes; clear lungs . . . ; appropriate emotional expression; no delusions; adequate social functioning; and abilities to carry out basic instructions, perform self-paced tasks, complete tasks, sustain a routine, and make decisions.

Substantial evidence supported the ALJ's determination.

We begin with the evidence of physical disability.  Because individuals receive SSI benefits prospectively, it is Wallace's condition on and following February 19, 1998 that concerns us, although prior medical records may shed light on her condition.  Dr. Tammy Meyers, Wallace's primary care physician, saw her in March of 1998, and found her to be temporarily, but not permanently, disabled.  In April of 1998 Wallace had full range of motion, although she was "mildly tender."  In the same month Michael Spino, O.D., found that she had below-average dim light vision, but no eye pathologies.  In May Dr. Mark R. Klingensmith found that Wallace's tinnitus did not threaten her hearing.  In August of 1998, Dr. Adnan K. Nassur found that Wallace had normal range of motion in her cervical spine, no localized weakness or muscular atrophy, normal muscle strength,

normal hand grip, normal ranges of motion in her joints, no joint swelling or deformity, normal and symmetrical deep tendon reflexes, normal gait, normal pinprick and touch sensations, and mild lower-back tenderness. This evidence supports the ALJ's determination that Wallace was capable of performing her former job, one that the vocational expert testified was a "light work activity."

Wallace asserts that the ALJ's finding that she is not psychiatrically disabled is not supported by substantial evidence, and that she suffers from battered women's syndrome. Appellant Br. at 18-27. However, the record does not contain such a diagnosis from any health care providers. Therefore, substantial evidence supported the ALJ's conclusion that Wallace did not have battered women's syndrome.

Likewise, there is substantial evidence to support the ALJ's finding that Wallace's mental impairment did not prevent her from performing her former job. The record shows that she experienced a short period of severe depression around the time of her separation from her husband in 1998. She was hospitalized in July of 1998 for depression, and at that time received a Global Assessment of Functioning ("GAF") rating of 35. Her depression was relatively short-lived, however, and by September 15, 1998, her GAF had improved to 55. In late July of 1998, Wallace saw Dr. James E. Williams, who found her appearance, behavior, and psychomotoric activity to be "appropriate." He observed that she "readily answered questions, is goal-directed, relevant and logical." Id. He did not find her to be suicidal or homicidal. He concluded that she "should be able to pay bills, maintain a residence, but with physical limitations, and should be able to provide for her own personal grooming and hygiene." In addition, he determined that she "should be able to carry out basic instructions, perform self-paced activities, and complete tasks. She should be able to sustain a routine and make decisions." He also assessed that she would be able to respond to schedules and deadlines, and attend work regularly. Id.

### III.

Because we find there to be substantial evidence supporting the ALJ's denial of SSI benefits to Wallace, we affirm the District Court's opinion.

TO THE CLERK:

Please file the foregoing Memorandum Opinion.


By the Court,


/s/ Thomas L. Ambro
Circuit Judge